# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **STARBUCKS CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| **ALAMO JAVA, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff Starbucks Corporation ("**Plaintiff**" or "**Tenant**") files this Original Complaint and Request for Declaratory Judgment against Alamo Java, LLC ("**Defendant**" or "**Landlord**"), and respectfully states as follows:

### I. PARTIES

1. Plaintiff Starbucks Corporation is incorporated under the laws of the State of Washington.

2. Defendant Alamo Java, LLC, is a limited liability company organized under the laws of New Mexico. Defendant has its principal place of business in the State of New Mexico. Defendant may be served with process by serving its registered agent, Michael Dixson, at 141 N. Roadrunner Parkway, Suite 137, Las Cruces, New Mexico 88011.

### II. JURISDICTION & VENUE

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Venue is proper in the United States District Court for the District of New Mexico under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district. Venue is also proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and a substantial part of the property at issue is situated in this district.

### III. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

### IV. FACTS

6. Defendant, as Landlord, and Plaintiff, as Tenant, executed a Commercial Lease Agreement on August 23, 2016, as amended (the "**Lease Agreement**"), for commercial property located at 1400 S. White Sands Boulevard, Alamogordo, New Mexico (the "**Premises**").

7. Defendant, upon information and belief, is the current owner of the Premises.

8. The Premises was leased for the purposes of constructing and operating a new Starbucks store.

9. Under the terms of the Lease Agreement, Defendant, as the Landlord, agreed to perform specified work on the Premises by certain deadlines and to certain standards (defined in the Lease Agreement as "Landlord's Work" and referred to herein as "**Landlord's Work**").

10. Landlord's Work was to be completed as of the "Commencement Date," as defined in the Lease Agreement. In Section 4.1 of the Lease Agreement, the Landlord represented and warranted the following:

> Landlord's Work, the Exterior Areas, and all parts of the Premises and the Building, including without limitation, sidewalks parking areas, driveways, all structural elements, the foundation, roof, roof membrane and roof system, exterior walls, plumbing, electrical, and other mechanical systems (a) [would be] complete and comply

>with all federal, state, and local laws, codes, rules and regulations, including without limitation, grease traps and all handicapped accessibility standards, such as those promulgated under the Americans with Disabilities Act…. and (b) [would by] seismically and otherwise sound and in good, workable, and sanitary order, condition, and repair at the time of delivery of the Premises to Tenant.

11. The terms "Landlord's Work," "Exterior Areas," "Premises," and "Building" are all defined in the Lease Agreement. Pursuant to Section 4.2 of the Lease Agreement, Landlord's Work was to be completed in a good and workmanlike manner before the Landlord delivered the Premises to Defendant.

12. On May 16, 2017, Defendant sent Plaintiff a "Notice of Default" asserting that Landlord's Work was completed by the "Scheduled Delivery Date," as defined in the Lease Agreement and that Plaintiff accepted delivery of Premises under the Terms of the Lease Agreement thereby establishing March 14, 2017, as the Commencement Date under Section 2.2 of the Lease Agreement (the "**Notice of Default**"). Further, the Notice of Default demanded payment of the Base Rent and other sums which would become due under the Lease Agreement.

13. Defendant's claims for Base Rent and other sums which would become due under the Lease Agreement exceed the minimum jurisdictional amount of this Court.

14. Plaintiff believes that the Commencement Date has not yet occurred because the Defendant has not met the requirements of Section 2.2 of the Lease Agreement. To date, Landlord's Work has not been completed as required by the Lease Agreement. Pursuant to its rights and remedies under the Lease Agreement, Plaintiff terminated the Lease Agreement on December 12, 2017 (the "**Termination Letter**").

15. Therefore, Plaintiff and Defendant have an actual and substantial controversy regarding whether the Defendant completed Landlord's Work pursuant to the terms of the Lease

Agreement, and Plaintiff had the right to terminate the Lease Agreement due to Defendant's failure to deliver the Premises at the time and in the condition required under the Lease Agreement, whether the Premises were delivered to Plaintiff as required by the Lease, and whether Plaintiff accepted delivery of the Premises in accordance with the terms of the Lease Agreement.

### V. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### (Declaratory Judgment)

16.     The interpretation of the Lease Agreement and the determination of the parties' rights and remedies, and duties, obligations and liabilities as they relate to the Lease Agreement constitute a justiciable controversy.  Therefore, pursuant to FED. R. CIV. P. 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks a declaration that Landlord's Work was not completed in accordance with the Lease Agreement, that the Premises were never delivered to Plaintiff or accepted by Plaintiff as required by the Lease Agreement, and that Plaintiff has properly and rightfully terminated the Lease Agreement.

#### SECOND CAUSE OF ACTION
#### (Breach of Contract)

17.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

18.     On August 23, 2016, Plaintiff and Defendant executed a valid and enforceable written contract.  Defendant has failed to perform under the stated terms of the Lease Agreement.  Defendant agreed that it would complete Landlord's Work and deliver the Premises to Plaintiff on or before the "Scheduled Delivery Date", as defined in the Lease Agreement.  The Premises

was required to meet all needs of the Plaintiff as described in Sections 2.2, 4.1, and 4.2 of the Lease Agreement.

19. To date, Defendant has failed to complete Landlord's Work and to deliver the Premises to the Plaintiff as required by the terms of the Lease Agreement. Defendant has materially breached the Lease Agreement with the Plaintiff. As a result, the Plaintiff has suffered damages due to that breach.

20. Pursuant to Section 4.3 of the Lease Agreement, Plaintiff seeks judgment against Defendant for the sum $30,000, plus any other sums due up until the time of trial.

### THIRD CAUSE OF ACTION
### (Attorneys' Fees)

21. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

22. As a result of the failure of Defendant to comply with the terms of the Lease Agreement, Defendant is obligated to pay Plaintiff its reasonable attorney's fees and costs herein incurred pursuant to Section 23.16 of the Lease Agreement. Plaintiff has found it necessary to employ the undersigned attorney to bring suit on the engagement. Plaintiff is, therefore, entitled to recover its reasonable attorney's fees for which sum Plaintiff sues herein. Plaintiff further sues for additional attorney's fees should this matter be appealed.

### VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that upon final trial or hearing, Plaintiff have judgment against Defendant holding that:

    a. Defendant breached the Lease Agreement between Plaintiff and Defendant;

    b. Defendant did not complete Landlord's Work in accordance with the Lease Agreement;

    c. Plaintiff never accepted delivery of the Premises in accordance with the Lease Agreement;

    d. Due to Defendant's failure to complete Landlord's Work, Plaintiff was entitled to terminate the Lease Agreement;

    e. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees from Defendant in the trial of this suit and all applicable appeals in an amount to be proven at trial;

    f. Costs of court; and

    g. All other relief the Court deems appropriate.

Dated: December 12, 2017                      Respectfully submitted,

                                              **CERVANTES LAW FIRM, P.C.**

                                              By: */s/ Joseph Cervantes*
                                                        **Joseph Cervantes**
                                                        State Bar No. 6727
                                                        joe@cervanteslawnm.com
                                                        2610 S. Espina
                                                        Las Cruces, New Mexico 88001
                                                        Telephone - (575) 526-5600
                                                        Telecopier - (575) 523-9317

                                              **ATTORNEY FOR STARBUCKS CORPORATION**